**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LA'KEYA KEO,<br>Plaintiff,<br><br>v.<br><br>DENTAL DREAMS,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 1:25-CV-01462<br><br><br><br>(CAMONI, M.J.) |

**MEMORANDUM OPINION**

Plaintiff, La'Keya Keo, commenced this civil action against Defendant Dental Dreams, LLC, alleging "discrimination, harassment, Racial, Retaliation, Gender, Age, Religion, medical negligence, medical malpractice and, discrimination against a patient based on protected characteristics (like race, ethnicity, disability, etc.) pursuant to Title VII." Amended Complaint, doc. 5 at 1; Pl.'s Br., doc. 14 at 1. Because the Amended Complaint fails to state a claim for which relief can be granted, the Court will grant the defendant's motion to dismiss.

## I. BACKGROUND

### A. Procedural History

On August 7, 2025, Keo instituted this *pro se* action against Dental Dreams. Doc. 1. Pursuant to the Court's screening function under 28

U.S.C. § 1915, the Court ordered Keo to file an amended complaint or risk dismissal, specifying multiple deficiencies in the original Complaint. Doc. 4. On November 26, 2025, Keo filed the Amended Complaint, which became the operative pleading. Doc. 5. Dental Dreams moved to dismiss. Doc. 8. The motion is fully briefed and ripe for disposition. *See* docs. 9, 14, 16. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 13.

**B. Factual Background**

In considering this motion to dismiss, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). As alleged, Keo has "submitted multiple complaints about" Dental Dreams and is "still suffering and not able to move forward with [her] new dentist." Doc. 5 at 1. She claims that Dental Dreams has ignored requests to provide her x-rays to her new dentist in anticipation of a tooth extraction. *Id.* at 2. She claims, without specific facts, that the defendant has provided x-rays for

white patients but not hers, because they are "being racial against" her. *Id.* She claims her life is at risk and demands $5 million. *Id.*

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

A district court must conduct a three-step analysis when considering the sufficiency of a complaint under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court can discard bare legal conclusions or factually unsupported accusations

that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. Third, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211, quoting *Iqbal*, 556 U.S. at 679. A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210, quoting *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A complaint filed by a *pro se* litigant is to be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

The plaintiff is a prolific *pro se* litigant, having filed 19 civil suits in this district since 2018, five of which are still active, including this case. *See Keo v. Maple Donuts, Inc.*, 1:18-cv-01952-YK; *Keo v. Maple Donuts, Inc. et al*, 1:18-cv-01953-YK; *Keo v. FedEx Supply Chain*, 1:23-cv-01801-JPW; *Keo v. Wolfgang Candy Company*, 1:23-cv-01854-CCC; *Keo v. Farley Rental LLC*; 1:23-cv-01876-JPW; *Keo v. Honor Healthcare Group, LLC*, 1:23-cv-01889-CCC; *Keo v. Syncreon.US INC.*, 1:23-cv-01890-CCC; *Keo v. Lancaster Behavioral Health Hospital*, 1:24-cv-01788-YK; *Keo v. Wellspan York Hospital*, 1:24-cv-01789-KM; *Keo v. Roxbury Treatment Center*, 1:24-cv-01790-KM; *Keo v. Extended Acute Care*, 1:24-cv-01791-PJC; *Keo v. Community Care*, 1:25-cv-00124-KMN; *Keo v. Northeastern Regional police department*, 1:25-cv-00125-JKM; *Keo v. Federal Bureau of Investigation*, 1:25-cv-00126-JPW; *Keo v. Social Security Administration*, 1:25-cv-00345-JFS; *Keo v. Bell Socialization*, 1:25-cv-00736-PJC; *Keo v. York County Judicial Center et al*, 1:25-cv-01233-KMN; *Keo v. Budget Inn New Cumberland*, 1:26-cv-00944-PJC.

In this case, Defendant Dental Dreams moves to dismiss on two grounds: (1) Keo has failed to establish subject matter jurisdiction; and

(2) the amended complaint fails to state a claim under Rule 12(b)(6).[1] The Court will grant Defendant's motion to dismiss pursuant to Rule 12(b)(6) because the Amended Complaint fails to state a claim upon which relief can be granted.

First, Dental Dreams contends that this Court should dismiss the Amended Complaint because it fails to plead facts sufficient to show that this Court has subject matter jurisdiction. As the Court previously explained, with respect to the original Complaint:

> The only facts pled in the Complaint involve alleged harm caused to Plaintiff by a dental care provider through negligence and failure to properly treat Plaintiff as a patient. Doc. 1 at 4. Medical malpractice claims are creatures of state law and are typically litigated in state court. Plaintiff cites to no federal statute, law, or provision of the Constitution upon which her claims rely. Though the Complaint seeks to invoke federal question jurisdiction under 28 U.S.C. § 1331 (Doc. 1 at 3), federal courts lack subject matter jurisdiction over medical malpractice claims. *Levin v. OMSNIC,* 573 F. App'x 142, 143 (3d Cir. 2014) (district court lacked federal question jurisdiction over medical malpractice action); *Wright v. Tabachnick,* No. 14-1575, 2014 U.S. Dist. LEXIS 161224, at *2 (W.D. Pa. Nov. 18, 2014) (same). Further, Plaintiff does not invoke diversity jurisdiction under 28 U.S.C. § 1332 and could not because both parties are citizens of Pennsylvania. This

[1] Dental Dreams originally raised an argument regarding failure to serve process, but service was effected by the United States Marshals Service and proof of service was filed to the docket after Defendant's motion and initial brief were filed, rendering the argument moot. Doc. 10.

> Court must dismiss actions lacking federal jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Doc. 4 at 1-2.

The only change Keo has introduced in the Amended Complaint with respect to pleading a federal claim is to recite the words "Title VII" in the preamble. Doc. 5 at 1. Though she does not specify, it appears from context that Keo intended to invoke Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e, *et seq*. Because Keo does attempt to assert a claim arising under a federal statute, this Court has subject matter jurisdiction over that claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over her remaining state law claims under 28 U.S.C. § 1367.

But Title VII has no application here, where no employer-employee relationship is alleged to have existed between the parties. *See*, *e.g.*, *Covington v. Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114, 119 (3d Cir. 2013) (holding that a Title VII plaintiff "must allege an employment relationship with the defendant[ ]"). Indeed, none of the necessary elements of a Title VII claim are alleged. *See Betts v. Summit Oaks Hosp.*, 687 F. App'x 206, 207 (3d Cir. 2017) (enumerating elements of Title VII claim). Keo alleges only that Dental Dreams ignored requests

to transmit x-rays to another provider in an act of racial discrimination. Such factual allegations fail to state a claim under Title VII, as the Court of Appeals for the Third Circuit has recently explained to Keo. *Keo v. FBI*, No. 26-1258, 2026 U.S. App. LEXIS 24038, at *3 (3d Cir. Aug. 10, 2026).

With respect to Keo's other recited claims, the Amended Complaint pleads no facts about Dental Dreams related to harassment, retaliation, medical negligence, or medical malpractice. Even reading the *pro se* Amended Complaint broadly, Keo fails to state any cognizable claim under either federal or state law. *See Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 499 n.1 (3d Cir. 1997) ("Although a complaint's allegations are to be construed favorably to the pleader, . . . [the Court] will not read causes of action into a complaint[.]"). The only act Keo describes Dental Dreams as having committed is the withholding of an x-ray, which she now admits Defendant did provide her. Doc. 14 at 2 (stating that she picked up her x-ray at Dental Dreams). Keo's bare assertions of "discrimination," absent specific factual allegations, do not suffice to state a claim for damages and are rendered all the less plausible by her own xenophobic assertion that an unnamed dentist "needs to go back to his country". Doc. 5 at 2.

Generally, Keo's rambling Amended Complaint lacks cohesion and sense and is difficult to follow, falling short of Rule 8's mandate that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," set forth in a "concise and direct" manner. *See*, *e.g.* doc. 5 at 2 (claiming her life is in jeopardy daily due to inconsistent customer service, that unspecified "cyber crimes" have "followed" her, and that "last time I checked this is all against the law"); *see also Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007) (citing Fed.R.Civ.P. 8(e)(1) to affirm dismissal of complaint that district court found was "illegible or incomprehensible").

Keo's Amended Complaint fails to state a claim upon which relief can be granted, and so the Court will dismiss. Because this is an adjudication on the merits, the Court will dismiss with prejudice. *See Keo*, 2026 U.S. App. LEXIS 24038 at *4 n1; *see also Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'").

## IV. CONCLUSION

Accordingly, Defendant's motion to dismiss (doc. 8) will be GRANTED. An appropriate order follows.

Date: August 24, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge